IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PHILLIP LITTLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:16-cv-00472-JMS-DLP ) |
| CHRISTOPHER MARTINEZ, *et al.*, | ) ) |
| Defendants. | ) |

**PETITION FOR ATTORNEYS' FEES**

**COMES NOW** Gavin M. Rose, counsel for the plaintiff, and respectfully petitions for an award of attorneys' fees in the amount of $4,123.35 from counsel for the Medical Defendants. In support of this Motion, undersigned counsel states as follows:

1. On March 5, 2019, this Court issued its Order Sanctioning Defendant Pamela Hagemeier and her Counsel, Jeb Crandall ("Sanctions Order") (Dkt. 248). As is pertinent here, the Court ordered the Medical Defendants' counsel "to pay Mr. Rose's attorney's fees and costs associated with Mr. Rose's preparation for and participation in the show cause hearings that can be attributable to Nurse Hagemeier's and Mr. Crandall's portion of the hearings." (Dkt. 248 at 42).

2. Attached to this Petition is the affidavit of undersigned counsel, which is incorporated herein by reference. That affidavit and its attachment describe the amount of time expended by counsel "in preparation for and participation in the show cause hearings," as well as the manner of calculating the portion of counsel's labor that "can be attributable to Nurse Hagemeier's and Mr. Crandall's portion of the hearing." Counsel expended 34.79 hours in preparing for and attending the two show-cause hearings in this case; of those 34.79 hours, 21.42 hours were attributable to

1

the hearings as they pertained to Nurse Hagemeier and her counsel.

3. The Prison Litigation Reform Act limits counsel's hourly rate "in an action described in paragraph (1)" to 150% of the rate established by the Equal Access to Justice Act, 18 U.S.C. § 3006A. *See* 42 U.S.C. § 1997e(d)(3). Paragraph (1) of that subsection specifies that this limitation applies to "any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorneys' fees are authorized under [42 U.S.C. § 1988]." *See* 42 U.S.C. § 1997e(d)(1). A split in authority (on which the Seventh Circuit does not appear to have weighed in) has arisen with respect to whether the fee limitation of the PLRA applies to attorneys' fees awarded as a sanction rather than pursuant to the fee-shifting provisions of § 1988. *Compare Webb v. Ada County*, 285 F.3d 829, 837 (9th Cir. 2002) (fee limit of the PLRA applies), *with Ball v. Leblanc*, No. 13-00368-BAJ-SCR, 2015 WL 4454779, at *3-4 (M.D. La. July 20, 2015) (fee limit of the PLRA does not apply); *Scott v. Clarke*, No. 3:12-CV-00036, 2014 WL 1463755, at *4-5 (W.D. Va. Apr. 15, 2014) (same); *Davis v. Rouse*, No. 1:08-cv-03106, 2012 WL 3059569, at *3 (D. Md. July 25, 2012) (same); *Edwin G. v. Washington*, No. 97-1177, 2001 WL 196760, at *2 (C.D. Ill. Jan. 26, 2001) (same); *Beckford v. Irvin*, 60 F. Supp. 2d 85, 88 (W.D.N.Y. 1999) (same). For present purposes, counsel is only seeking fees at the PLRA rate of $192.50, although he reserves his right to seek fees at his typical hourly rate in the event that any future sanctions orders include an award of fees.

4. Computed at the PLRA rate, counsel is entitled to an award of $4,123.35 in attorneys' fees incurred in litigating the show-cause issues against Nurse Hagemeier and her counsel.

**WHEREFORE,** counsel for the plaintiff respectfully petitions for an award of attorneys' fees in the amount of $4,123.35 from counsel for the Medical Defendants, and requests all other proper relief.

2

<div style="text-align:right">
/s/ Gavin M. Rose  
Gavin M. Rose  
ACLU OF INDIANA  
1031 E. Washington St.  
Indianapolis, IN 46202  
Ph: 317.635.4059, x106  
Fax: 317.635.4105  
&lt;grose@aclu-in.org&gt;
</div>

*Attorney for the plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on this 15th day of March, 2019. Parties may access this filing through the Court's electronic system. Additionally, all ECF-registered parties and counsel of record will also be served by operation of the Court's electronic system.

/s/ Gavin M. Rose  
Gavin M. Rose  
Attorney at Law